[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action involves a suit on two separate notes: One, a note dated July 31, 1987, in the original principal amount of $250,000.00 executed by Paul Kakaletris, Elaine Kakaletris, George Vasilakos, and Giannoula Vasilakos in favor of the Bank of Stamford and two, a noted dated November 7, 1986 in the original principal amount of $30,000.00 from Paul Kakaletris to Bank of Stamford. Both notes are in default, and plaintiff is seeking judgment against the defendants for the balances due.
In 1991, the Bank of Stamford changed its name to Fairfield County Trust Company, which became the unchallenged owner and holder of the Notes and Mortgages. On April 9, 1992 the Commissioner of Banking of the State of Connecticut declared Fairfield County Trust Company to be insolvent, and appointed the Federal Deposit Insurance Corporation as its Receiver ("FDIC")
At the commencement of trial, the FDIC filed a withdrawal of the Second, Third, and Fourth counts of the Complaint seeking foreclosure of the Mortgage on the three parcels and elected only CT Page 3401 to proceed on the First and the Fifth counts seeking money damages under the two notes.
The plaintiff presented undisputed evidence at trial on the first count of the complaint that the amount due on the $250,000.00 note was $349,535.89 as of December 19, 1995, consisting of principal in the amount of $250,000.00 and interest in the amount of $99,535.89. Additional interest has accrued on said debt at the rate of $66.7808 per diem after December 19, 1995.
The Fifth count of the Complaint seeks a judgment against Paul Kakaletris for the amount due under the $30,000.00 note. The defendant, Paul Kakaletris, has been defaulted in this action and no party raised any defense at trial to the plaintiff's claim under the $30,000.00 note. The undisputed evidence at trial revealed that as of December 19, 1995 a total of $40,069.53 remains due and owing for Paul Kakaletris to the plaintiff pursuant to this obligation, consisting of principal in the amount of $30,000.00 and accrued interest in the amount of $10,069.53. Additional interest has accrued on said debt at the rate of $8.84 per diem after December 19, 1995.
On November 5, 1991, the plaintiff's predecessor in interest, as owner of the $250,000.00 note and mortgage brought a foreclosure action, to which the defendant, Giannoula Vasilakos, raised a special defense which states:
 "The defendant, Giannoula Vasilakos, is illiterate, unable to understand, speak, or read the English language. At the time of the execution of the mortgage note, the defendant lacked the capacity to contract, having failed to understand the nature and terms of the document which she was asked to execute."
The defendant, Giannoula Vasilakos, in her post-trial memorandum states "The sole issue in the case is whether, under the particular and unique circumstances concerning Mrs. Vasilakos's illiteracy, she can be held responsible to the plaintiff for payment of the note."
The defendant Giannoula Vasilakos, claims that neither she nor her deceased husband, George Vasilakos were able to speak, read or write the English language. They were driven to the closing of the $250,000.00 loan by their former son-in-law, Paul Kakaletris. The loan closed at the office of Attorney Michael Cacase, who CT Page 3402 represented both the lender and the borrowers. Attorney Cacase testified that he was aware that Mr. Mrs. Vasilakos communicated in Greek and he requested that either Paul Kakaletris or Elaine Kakaletris translate Attorney Cacace's explanation of the documents to his then in-laws, Mr. Mrs. Vasilakos.
There is no question that the commercial loan proceeds were to benefit Paul Kakaletris. His then wife, the former Elaine Kakaletris, and her parents, George and Giannoula Vasilakos, were signatories to the $250,000.00 note and mortgage deed because all four individuals were the fee owners of two of the three properties mortgaged as security for the debt. Defendants, Paul Kakaletris and Elaine Kakaletris were defaulted for failure to plead.
Giannoula Vasilakos admitted that she executed the $250,000.00 note and mortgage. Attorney Michael Cacace testified that he administered an oath and took an acknowledgement of Giannoula Vasilakos in connection with the execution of the mortgage.
Mrs. Vasilakos testified that she was born in Greece and came to the United States in 1960. She was in her early to mid sixties at the time the note was executed. There was no evidence of fraud, misrepresentation, or inappropriate conduct by anyone in connection with the execution of the closing documents. She testified that she signed the closing documents in order to assist her daughter land then son-in-law to obtain a loan. This court does not find Mrs. Vasilakos to be illiterate. She has had an ownership interest in real estate and has executed at least five other mortgage deeds which were introduced into evidence. There was no evidence that Giannoula Vasilakos was under guardianship, intoxicated, mentally ill or impaired in any way at the time she executed the closing document in connection with the $250,000.00 loan.
The court finds for the plaintiff against Paul Kakaletris on the $30,000.00 note. The unpaid balance of principal and interest is found to be $40,069.53 as of December 19, 1995, with a per diem of $8.84 after December 19, 1995.
The court finds for the plaintiff against Paul Kakaletris, Elaine Van Allen, formerly Elaine Kakaletris, and Giannoula Vasilkakos on the $250,000.00 note. The unpaid balance of principal and interest is found to be $349,535.89 as of December 19, 1995, with a per diem of $66.7808 after December 19, 1995.
The notes provide that the borrower(s) agrees to pay any CT Page 3403 collection costs, including reasonable attorney's fees. An Affidavit In Support of Request For Attorney's Fees was received in court on December 21, 1995. After a review of the detailed breakdown of the work performed in connection with this matter, the court finds reasonable attorneys' fees in favor of the plaintiff to be $8,627.02, plus costs of $320.02.
So Ordered.
Dated at Stamford, Connecticut, this 10th day of April, 1996.
RICHARD J. TOBIN, JUDGE.